# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2396 | **DATE** | December 8, 2011 |
| **CASE TITLE** | *Jackson v. United States Illinois Army National Guard* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the defendants' motions to dismiss [58-1, 76-1] are granted. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket. The plaintiff's requests to amend her complaint, as contained in her responses to the motions to dismiss, are denied as moot.

■[ For further details see text below.]

00:00

## STATEMENT

On June 26, 2008, the plaintiff filed a complaint against the "United States Illinois Army National Guard" alleging sexual harassment under Title VII of the Civil Rights Act of 1964, as amended. Specifically, according to the plaintiff's complaint and her responses to the motions to dismiss, she was allegedly sexually harassed by PFC Derrick Henderson while participating in basic training in Fort Jackson, South Carolina, in or around August 2004. She seeks $7 million in damages.

The court originally appointed counsel from Mayer Brown but ultimately dismissed the case without prejudice based on the plaintiff's failure to exhaust her administrative remedies. *See* Dkt. #36. The plaintiff moved to reinstate the case on February 18, 2011, which the court allowed. The court also appointed new counsel for the plaintiff from Jenner & Block and referred the case to the magistrate judge for settlement discussions. The magistrate judge held a status hearing and after extensive discussion with counsel at that hearing, determined that a "settlement conference would serve no purpose" because both of the plaintiff's appointed counsel had determined that they could not, consistent with Rule 11, continue to press her claims. *See* Dkt. #56. Moreover, the defendants indicated that they believed they were not a proper party and that jurisdiction did not exist and they therefore would not be interested in settling the case. Accordingly, the magistrate judge terminated the referral. *Id.*

Based on the magistrate judge's summary of the settlement conference and counsel from Jenner & Block's representation to the court that the plaintiff's claims were not warranted by existing law and could not be supported by a good faith extension, modification or reversal of existing law, the court granted counsel from Jenner & Block leave to withdraw and instructed the parties to file any motions they deemed appropriate by June 24, 2011. *See* Dkt. #57.

**STATEMENT**

Both the state (Illinois Army National Guard) and federal (United States Department of the Army) defendants have filed motions to dismiss. The plaintiff sent, but did not file, a response to the Illinois Army National Guard's motion to dismiss, which the Illinois Army National Guard attached to its reply in support of its motion to dismiss. See Dkt. #68-1. The plaintiff's separate response to the United States' motion to dismiss responds briefly to the argument raised by the United States and seeks leave to file an amended complaint. Because the United States did not file a reply by the date ordered, the court will rule without the benefit of a reply from the United States.

As an initial matter, it is not clear whom the plaintiff intended to name as a defendant by suing the "United States Illinois Army National Guard" –the United States Army or the Illinois Army National Guard. Nevertheless, as noted above, both the state and federal entities were served and have filed motions to dismiss which contain the same argument--that the plaintiff's Title VII claim should be dismissed because military personnel cannot sue their peers, superiors, or the armed forces under Title VII. This argument has its genesis in *Feres v. U.S.*, 340 U.S. 135 (1950), in which the Supreme Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Id*. at 146. The Supreme Court's reasoning was based "on the unique relationship between the government and military personnel. . . ." *Gordon v. Illinois Nat. Guard*, 46 F. Supp.2d 817, 818 (C.D. Ill. 1999). As the Supreme Court has explained:

> We know that from top to bottom of the Army the complaint is often made, and sometimes with justification, that there is discrimination, favoritism or other objectionable handling of men. But judges are not given the task of running the Army. The responsibility for setting up channels through which such grievances can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates. The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters.

*Orloff v. Willoughby*, 345 U.S. 83, 93-94 (1953).

Although *Feres* addressed claims under the FTCA, the *Feres* doctrine has been applied to other types of claims. *Chappell v. Wallace*, 462 U.S. 296 (*Bivens* actions not allowed to be brought by military personnel against their superiors); *Kawitt v. United States*, 842 F.2d 951 (7th Cir. 1988) (ADEA does not apply to uniformed military personnel). *See also Gonzalez v. Dep't of the Army*, 718 F.2d 926 (9th Cir. 1983) (Title VII does not apply to uniformed military personnel). Despite criticism of the *Feres* doctrine and its expansion, *see Purcell v. United States,* 656 F.3d 463 465-66 (7th Cir. 2011), it "remains the law until Congress or the Supreme Court decides otherwise." *Id.* at 466.

While no Seventh Circuit case has directly addressed whether military personnel can sue military peers, superiors or the armed forces for actions incident to military service under Title VII, the Seventh Circuit has pointed out that numerous courts have concluded that "Title VII and the ADEA have both been held not to apply to military or National Guard units." *Gordon v. Illinois Army Nat. Guard*, 215 F.3d 1329 (Table), 2000 WL 286091, at *4 (March 9, 2000 7th Cir.) (unpublished) (citations omitted). In concluding that the Americans with Disabilities Act did not apply to the Illinois National Guard and its members, the *Gordon* court stated that "Congress was well aware of the various circuit courts' approach to [the lack of] coverage [as to the military] under antidiscrimination statutes such as Title VII, the ADEA, and the Rehabilitation Act." *Id*.

**STATEMENT**

The court recognizes that *Gordon* is an unpublished decision from 2000 and therefore cannot be cited as precedential. *See* Seventh Circuit Cir. R. 32.1(d). The court also acknowledges that the *Gordon* case addressed the ADA and not Title VII. Nevertheless, the court finds that both *Gordon* and *Kawitt v. United States,* 842 F.2d 951, 953-54 (7th Cir. 1988), in which the Seventh Circuit concluded that the ADEA does not apply to uniformed military personnel, constitute persuasive authority that the Seventh Circuit would hold that Title VII is inapplicable in this case.

Accordingly, the defendants' motions to dismiss [58-1, 76-1] are granted. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket. The plaintiff's requests to amend her complaint, which are contained in her responses to the motions to dismiss, are denied as moot.